**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE MATIAS DIAZ<br>210 Springwood Drive Apt. 502<br>Lebanon, PA 17-42<br>Plaintiff,<br><br>v.<br><br>ARCONIC US LLC<br>1480 Manheim Pike<br>Lancaster, PA 17601<br>Defendant. | : | CIVIL ACTION NO.: ___________________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Jose Matias Diaz ("Plaintiff"), by and through his undersigned attorney, for his Complaint against the Arconic US LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*; with respect to discrimination on the basis of his disability.

## PARTIES

2. Plaintiff, Jose Matias Diaz, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 210 Springwood Drive Apt. 502 Lebanon, PA 17042.

3. Upon information and belief, Defendant, Arconic US LLC, is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1480 Manheim Pike Lancaster, PA 17601.

4. Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

**JURISDICTION AND VENUE**.

5. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

6. On or about December 15, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as 530-2026-02003.

7. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated September 14, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

9. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

10. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This is an action authorized pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

14. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

**FACTUAL BACKGROUND**

15. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

16. Plaintiff began his employment with Respondent on or about January 15, 2024, in the position of Machine Operator.

17. At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

18. By way of background, Plaintiff suffers from narcolepsy, which constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

19. Following his diagnosis in approximately 2023, Plaintiff was prescribed the prescription medication Modafinil, which has since been effective in treating the symptoms of his disability such that he does not experience sleepiness during the day time.

20. As part of his onboarding process with Defendant, Plaintiff successfully complete a physical exam and demonstrated that he was able to perform the essential functions of his position with or without a reasonable accommodation.

21. On or about July 3, 2025, Plaintiff experience a medical episode unrelated to his narcolepsy that caused him to briefly lose consciousness while in the driver's seat of a stationary forklift that was parked.

22. During a medical exam with Defendant's Wellness Center, he was asked about medications he was on and explained that he was prescribed Modafinil.

23. Defendant then placed Plaintiff on short-term disability with an anticipated return-to-work date of September 3, 2025.

24. Plaintiff was subsequently diagnosed with walking pneumonia, which was determined to be the cause of his brief loss of consciousness.

25. Plaintiff provided Defendant with doctor's notes stating the same.

26. On or about August 22, 2025, Defendant abruptly terminated Plaintiff's employment based on his alleged failure "to disclose an accurate and complete health history as required during [his] pre-employment physical."

27. However, at no point during the pre-employment physical was Plaintiff asked about medications he was on, nor was he asked about any pre-existing conditions that would be relevant to his position.

28. In any case, Plaintiff's narcolepsy was properly controlled throughout the duration of his employment with Defendant, and the medical records he provided clearly stated that his narcolepsy was not the cause of his brief loss of consciousness on July 3.

29. It is believed and therefore averred that Defendant subjected Plaintiff to discrimination on the basis of his disability.

30. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion

benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION**

31. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

32. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

33. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as Plaintiff's narcolepsy substantially limits his ability to engage in one or more major life activities for an extended period of time.

34. At all times relevant hereto, Defendant had at least fifteen (15) employees.

35. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

36. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job, with or without a reasonable accommodation.

37. By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, have violated the ADA by terminating Plaintiff's employment because of his actual and/or perceived disabilities, because Defendant's regarded Plaintiff as being disabled, and/or for his past record of disability.

38. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION**

39. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

40. Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination.

41. As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

42. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

43. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of his actual and/or perceived disabilities, his past record of impairment/disability, and/or because it regarded him as being disabled within the meaning of the PHRA.

44. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ *Johannes Hoffman*

Johannes Hoffman, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: November 25, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.